# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GEORGE MICHAEL DOUMIT,**

    Plaintiff,

v.                                                                                          Case No.: 8:16-cv-2656-T-33AAS

**STATE OF FLORIDA,** *et al.***,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's **Application to Proceed in District Court Without Prepaying Fees or Costs** (Doc. 2) which the Court construes as a motion for leave to proceed *in forma pauperis*.[1]

**A. Legal Standard**

The Court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. After reviewing the affidavit of indigency to determine the economic status of the litigant, the Court must review the case and dismiss it *sua sponte* if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Cleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

---

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation (Doc. 2). *See* 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

**B.     Analysis**

As an initial matter, Plaintiff has failed to file the appropriate Affidavit of Indigency as required by 28 U.S.C. § 1915 and Local Rule 4.07, M.D. Fla.[2]  Given this deficiency, the Court is unable to make a determination as to Plaintiff's economic status.

As noted above, following a determination of indigency, the Court next determines whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or fact."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989).  Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

Here, Plaintiff's Complaint (Doc. 1) is subject to dismissal because it fails to state a claim that invokes the Court's jurisdiction.  While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court

---

[2] A blank Affidavit of Indigency is available from the "Forms" link in the "Proceeding Without a Lawyer" section of the Court's website (www.flmd.uscourts.gov).

as a litigant represented by counsel. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989).

This Court has jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Here, Plaintiff's complaint consists of a "Motion to Dismiss" in which Plaintiff requests that the Court dismiss the information filed by the State of Florida as to five misdemeanor worthless check charges. Citing 18 U.S.C. 3282[3] and Florida Statutes Section 775.15,[4] Plaintiff argues that the Court should dismiss the information as the statute of limitations expired before his arrest on the charges at issue. Although Plaintiff cites to the federal statute of limitations for non-capital offenses, Plaintiff attaches executed arrest warrants from Pinellas County, Florida, rather than any federal jurisdiction, and does not allege that he was charged with any federal offenses. (Doc. 1 at 24-28).

As to diversity jurisdiction, Plaintiff does not appropriately allege citizenship of the parties. *See* Rule 8, Fed. R. Civ. P. ("A pleading that states claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction[.]"). Plaintiff fails to allege the citizenship of any Defendant. And, although Plaintiff states that he is a permanent resident of Florida and a part time resident of Hawaii, this is insufficient to establish his state of citizenship. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Thus,

---

[3] Section 3282(a), 18 U.S.C., provides: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

[4] Section 775.15(2)(c). Fla. Stat., provides: "Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation: . . . (c) A prosecution for a misdemeanor of the first degree must be commenced within 2 years after it is committed."

3

Plaintiff has not established diversity jurisdiction. Additionally, there is no indication from Plaintiff's Complaint that the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

Last, Plaintiff's Complaint fails to comply with Rule 10 of the Federal Rules of Civil Procedure, which requires Plaintiff to "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### C. Conclusion

As Plaintiff has failed to establish this Court's jurisdiction, it is **RECOMMENDED** that:

(1) Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Doc. 2), construed as a motion for leave to proceed *in forma pauperis*, be **DENIED**; and

(2) Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of jurisdiction.

**Date: November 1, 2016.**

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Party
Counsel of Record
District Judge